**Carl R. Rodrigues,** OSB No. 824569
E-mail: mlehner@lrlawnw.com
**Jennifer L. Maks,** OSB No. 105601
E-mail: jmaks@lrlawnw.com
**LEHNER & RODRIGUES, PC**
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone: (503) 226-2225
Facsimile: (503) 226-2418
  Of Attorneys for Defendant Oregon Mutual Insurance Company

UNITED STATES JUDICIAL PANEL

on

MULTIDISTRICT LITIGATION

| | |
|---|---|
| Leif's Auto Collision Centers, LLC ) | |
| ) | Oregon Case No. 3:14-cv-01777-BR |
| Plaintiff, ) | |
| v. ) | MDL No. 2557 |
| ) | |
| State Farm Mutual Automobile Insurance ) | **DEFENDANT OREGON MUTUAL** |
| Company of Oregon, et. al, ) | **INSURANCE COMPANY'S MOTION** |
| ) | **TO VACATE CONDITIONAL** |
| Defendants. ) | **TRANSFER ORDER/OPPOSITION** |
| ) | **TO TRANSFER** |

**Motion**

Defendant Oregon Mutual Insurance Company ("Oregon Mutual") moves to vacate the Conditional Transfer Order ("CTO") because transfer is not convenient for the parties and witnesses, and does not promote the efficient resolution of this action. Rather than have the case transferred at this time, Oregon Mutual should be permitted to file its Motion for Summary Judgment in the Oregon District Court and have that decided prior to any transfer.

Page 1  -  **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**

## Argument

Under 28. USC. 1407(a), civil actions involving one or more common questions of fact may be transferred into any district for coordinated/consolidated pretrial proceedings. Transfers are made for the convenience of the parties and witnesses when it will promote the efficient conduct of those actions. *Id.* Centralization is justified when it will eliminate duplicative discovery and conserve the resources of the parties and their counsel. *See In re Advanced Inv. Mgmt., L.P., Pension Fund Mgmt. Litig.*, 254 F. Supp. 2d 1377 (2003). Therefore, although common questions of fact may exist among actions, transfer is not appropriate unless it would also enhance the convenience of the parties and witnesses and aid in making the litigation process more efficient. *In re Truck Acci. Near Alamagordo*, 387 F. Supp. 732 (1975).

During the *In re Amino Acid Lysine Antitrust Litig.*, the MDL Panel addressed whether to transfer numerous actions related to lysine, corn syrup, and citric acid into one MDL. 910 F. Supp. 696, 701 (1995). In denying the motion for centralization of all of the actions, the court noted that the differences between the categories of lawsuits outweighed their similarities. *Id.* The court noted the differences in products involved, and the differences in the manufacturers despite some overlap. *Id.* Specifically, the court referenced how many parties were involved in only one or two of the actions. *Id.* It was recognized that the proceedings between the multiple actions would overlap at some point, and the court noted its confidence that the various judges involved could communicate with each other for the coordination of pretrial procedures. *Id.*[1]

*In re Hamilton Bank (of Atlanta) Sec. Litigation* addressed centralization for lawsuits

---

[1] *See also In re Truck Acci. Near Alamagordo*, 387 F. Supp. 732 (1975) (noting that the plaintiffs could avoid duplication of discovery on common issues by coordinating the efforts in the jurisdictions, such as filing deposition notices in each court).

Page 2 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**

LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone (503) 226-2225; Fax (503) 226-2418

alleging securities fraud in both Georgia and Tennessee. 438 F. Supp, 940 (1977). In that case, the MDL Panel issued a show cause order as to why the lawsuits should not be transferred to a single district for consolidated pre-trial proceedings. *Id.* at 941. The Panel found that although there were some common issues of fact in the lawsuits, transfer into an MDL "would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of these actions." *Id.* The court noted the difference in scope between the actions, as one action involved more entities and allegations related to more alleged misrepresentations. *Id.* at 941-942. Notably, the court said the decision was made without prejudice to the right of any party to move for transfer later. *Id.*[2]

During *In re Provident Secs. Litig.*, 715 F. Supp. 2d 1356 (2010), the Panel denied centralization. In that case, each lawsuit alleged that brokers sold oil and gas interests to investors that were created by a Ponzi sceme, and that those defendants made false statements during the offerings. *Id.* at 1357. In making its decision, the Panel noted that none of the pending actions had completely common defendants. *Id.* Further, because the conduct of each defendant was at the heart of the litigation, discovery would be individualized with less risk of duplicate discovery. *Id.* The Panel also noted that there were alternatives to creating one central action to handle the risks of any inconsistent pre-trial rulings. *Id.*[3]

---

[2]See also *McClam-Brown v. Boeing Co. (In re Boeing Co. Empl. Practices Litig.)*, 293 F Supp. 2d 1382 (2003) (where it was noted that a motion for summary judgment would be filed shortly and holding that the parties could again seek centralization after that motion was decided).

[3]During the *In re Title Ins. Real Estate Settlement Procedures Act* case, the Panel also cited alternatives to transfer that would similarly minimize the risk of inconsistent pre-trial rulings and duplicative discovery. 560 F. Supp. 2d 1374 (2008).

Page 3 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**
LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone (503) 226-2225; Fax (503) 226-2418

*I. Oregon Mutual Should Be Permitted To Have Its Motion For Summary Judgment Heard Prior To Transfer*

This action involves both larger national insurers, and smaller regional insurers. Although transfer may be more beneficial for the handful of larger insurers, it would be to the detriment of the smaller insurers named in only this action. Oregon Mutual is a regional insurer based in McMinnville, Oregon. *Declaration of Michele Butsch.* Oregon Mutual has not been named in any other lawsuits alleging antitrust claims related to the suppression of labor, repair, and parts rates. *Declaration of Michele Butsch* .[4] Oregon Mutual does not participate in the conduct or program alleged by plaintiff, providing the basis for a Motion for Summary Judgment. Oregon Mutual anticipates that some of the other smaller, regional insurers, named by plaintiff will file Motions based on similar reasoning and non-participation in State Farm's ratings program or methodology, and these Motions can be briefed and argued most efficiently in Oregon (as was done in the *In re Boeing Co. Empl. Practices Litig.* case)

Plaintiff alleges State Farm has a rating system that allows it to manipulate the market rates for automotive repair labor and parts. Plaintiff alleges the other defendants, including Oregon Mutual, have joined forces with State Farm to pressure the repair shops to accept less-than-market labor rates. Complaint ¶ 105. Allegations such as these are relied on by plaintiff in bringing each claim for relief. Therefore, in order to prevail, plaintiff must prove that Oregon Mutual participates in the conduct designed by State Farm to suppress the market rates. Set forth

---

[4]Although plaintiff alleges a conspiracy by the defendant insurers, including Oregon Mutual to suppress market prices, Oregon Mutual notes its extremely favorable rating by repair shops in Oregon. A survey by the Northwest Automotive Trades Association of body shops in Oregon rated Oregon Mutual (along with Mutual of Enumclaw) as the best insurer in the state. It was commented by body shops that the top two shops were "excellent to work with." *See Exhibit 1 to Declaration of Jennifer L. Maks.*

Page 4 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**
LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone (503) 226-2225; Fax (503) 226-2418

below are examples of some of the allegations that plaintiff cannot prove with respect to Oregon Mutual, forming the basis of Oregon Mutual's Motion for Summary Judgment.

To suppress the labor rates, plaintiff alleges that the defendants have agreed to pay no more than State Farm pays for labor. Complaint ¶ 105. Plaintiff alleges that by this agreement, the defendants have pressured plaintiff into accepting the artificially created less than market labor rate. Plaintiff cannot prove these allegations against Oregon Mutual because it has never been involved in this alleged conduct. *Declaration of Michele Butsch.* Oregon Mutual does not set any "fixed"rates for repairs, and instead asks its direct repair facilities to use a fair labor rate for the territory in which they do business. *Declaration of Michele Butsch.* Plaintiff cannot prove the allegations related to the suppression of labor prices against Oregon Mutual because Oregon Mutual has never coordinated its repair program with State Farm in any way.

Plaintiff then alleges conduct designed to suppress the repair and material costs. Complaint ¶ 106. Plaintiff claims that the defendants, collectively, have pressured plaintiff to accept less than the market cost for materials and supplies. Plaintiff alleges that the defendants do so by a number of methods, including using recycled parts rather than new and obtaining discounts that require plaintiff to operate at a loss. ¶ 106-107. Oregon Mutual does not ask that repair facilities utilize recycled parts or aftermarket sheet metal during the repair of its policyholder's vehicles. *Declaration of Michele Butsch.* Instead, Oregon Mutual's policy is to use new parts in repairs. *Declaration of Michele Butsch.* Oregon Mutual does not ask for any discounts from its direct repair partners for costs. *Declaration of Michele Butsch.* Plaintiff cannot prove the allegations related to the suppression of repair and material costs against Oregon Mutual because Oregon Mutual's repair program operates completely independently from the

Page 5  - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**
LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon  97201
Telephone (503) 226-2225; Fax (503) 226-2418

program operated by any other insurer, including State Farm.

Plaintiff then alleges steering conduct designed to punish non-compliant shops. Complaint ¶ 124. This conduct involves telling policyholders untrue statements about a particular shop. Complaint ¶ 126. Because Oregon Mutual does not participate in the alleged practices above, it cannot punish any body shops for non-compliance with those practices. *Declaration of Michele Butsch.* Oregon Mutual employees also do not make misrepresentations to its policy holders designed to point them towards a repair facility other than plaintiff. *Declaration of Michele Butsch.*

The allegations related to the suppression of labor, repair, parts prices, and steering spearheaded by State Farm form the basis of plaintiff's claims for relief. As described above, Oregon Mutual does not engage in the alleged conduct that gives rise to these allegations. *Declaration of Michele Butsch.* Oregon Mutual's non-participation in the conduct and conspiracy alleged by plaintiff form the basis of its Motion for Summary Judgment. Oregon Mutual anticipates that it would only need to propose one batch of Interrogatories/Requests for Production prior to filing the Motion, without the need to take depositions. This Motion can be briefed and heard most efficiently in the Oregon District Court, considering Oregon Mutual's evidence in support of the Motion is all located in Oregon. Because the Motion would address a narrow set of issues, it could easily be handed by Judge Brown. The Panel should allow this Motion to be heard in the Oregon District Court prior to transferring any claims against Oregon Mutual into an MDL. Should any claims against Oregon Mutual remain following the Motion for Summary Judgment hearing, transfer of those claims into the MDL could be addressed at that time. Until then, a transfer of the claims against Oregon Mutual is premature.

Page 6 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**

LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone (503) 226-2225; Fax (503) 226-2418

*II. Transfer Is Not More Convenient For The Parties Or Witnesses*

As noted in the *In re Hamilton Bank (of Atlanta) Sec. Litigation* case, common issues of fact alone are not sufficient to permit transfer - it must also serve the convenience of the parties and witnesses. Transfer of this action to Florida is not more convenient for the parties or witnesses.

Oregon Mutual is a regional insurer based in Oregon. *Declaration of Michele Butsch.* None of Oregon Mutual's evidence or witnesses related to this claim are located outside of Oregon. *Declaration of Michele Butsch.* Transfer would require Oregon Mutual to defend this case on the opposite side of the country from its home office, far from where its witnesses would be located. *Declaration of Michele Butsch.*

Further, because Oregon Mutual is only sued in this action, discovery is individualized as it was in the *In re Provident Secs. Litig.* Plaintiff's Complaint alleges specific conduct within the state of Oregon that affects customers solely within Oregon. Plaintiff's witnesses to Oregon Mutual's conduct are necessarily located in Oregon, along with any documentation related to the prices paid by Oregon Mutual to plaintiff. Because plaintiff's allegations are based on conduct within the state of Oregon (and not a nationwide conspiracy), the discovery will necessarily also be limited to evidence related to Oregon communications and conduct. The individualized nature of the discovery in this action differentiates this matter from others where discovery would be overlapping.

As noted in the *In re Provident Secs. Litig.* case, it may be more efficient to keep cases separate when many of the defendants do not overlap. Similar to that case, here, the smaller regional insurer defendants are only sued in this action. Although there is some overlap with the

Page 7 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**
LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon  97201
Telephone (503) 226-2225; Fax (503) 226-2418

larger insurers between actions, the case will proceed much more efficiently for the smaller insurers if it remains in Oregon. Otherwise, the regional insurers will likely need to participate in proceedings in Florida that ultimately have little to do with the Oregon case, but are required as a part of the overall pre-trial proceedings.

The *In re Amino Acid Lysine Antitrust Litig.* Panel recognized that judges in different districts can work together when an overlapping discovery issue arises in actions that are not centralized. Oregon Mutual anticipates that the larger insurers, such as State Farm, will argue that without transfer, it will be subject to simultaneous discovery obligations in different courts. There is no reason that Judge Brown cannot coordinate with any other judge if a simultaneous discovery issue arises. That coordination would reduce the risk of duplicative discovery without subjecting the smaller insurers to the inconvenience of having this matter proceed in Florida.

///

///

///

///

///

///

///

///

///

///

///

Page 8 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**

LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon  97201
Telephone (503) 226-2225; Fax (503) 226-2418

## Conclusion

For the reasons stated above, Oregon Mutual is preparing dispositive motions because it does not participate in the conduct complained of by plaintiff. The Panel should permit those Motions to be heard prior to any transfer, as the evidence in support of the Motion is solely located in Oregon. Further, transfer to Florida is not convenient for the Oregon Mutual and its witnesses, all of whom are located in Oregon. The state specific nature of the allegations at issue will lead to individualized discovery, making the risk of duplicative discovery low. Therefore, the Panel should vacate the Conditional Transfer Order at this time.

DATED  December 19, 2014,

LEHNER & RODRIGUES, P.C.

/s/ Jennifer L. Maks
Jennifer L. Maks, OSB No. 105601
Carl R. Rodrigues, OSB No. 824569
Of Attorneys for Defendant Oregon Mutual

Page 9  - DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER

LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon  97201
Telephone (503) 226-2225; Fax (503) 226-2418

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER** on the following by e-service, addressed to:

Steven D. Olson
Paul W. Conable
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Suite 1600
Portland, OR 97204-2099
*Of Attorneys for Plaintiff*

Tanya Durkee Urbach
Lane Powell, PC
601 SW Second Avenue
Suite 2100
Portland, OR 97204-3158
*Of Attorneys for Defendant State Farm Mutual Automobile Insurance Company of Oregon*

John W. Phillips
The Phillips Law Group
315 Fifth Ave, South
Suite 1000
Seattle, WA 98104
*Of Attorneys for Defendant Pemco Mutual Insurance Company*

Nikola L. Jones
Lindsay Hart LLP
1300 SW Fifth Avenue
Suite 3400
Portland, OR 97201
*Of Attorneys for Defendant Pemco Mutual Insurance Company*

William F. Knowles
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle, Wa 98101
*Of Attorneys for Defendant Grange Insurance Association*

Karen Southworth Weaver
Soha & Lang, PS
1325 Fourth Avenue
Suite 2000
Seattle, WA 98101
*Of Attorneys for Defendants Country Casualty Insurance Company, Country Mutual Insurance Company, Country Preferred Insurance Company*

Page 10 - DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER
LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone (503) 226-2225; Fax (503) 226-2418

| | |
|---|---|
| Timothy W. Snider<br>Stoel Rives LLP<br>900 SW 5th Avenue<br>Suite 2600<br>Portland, OR 97204<br>***Of Attorneys for Defendant***<br>***Farmers Insurance Company of Oregon*** | Daniel E. Thenell<br>Thenell Law Group P.C.<br>12909 SW 68th Parkway<br>Suite 320<br>Portland, OR 97223<br>***Of Attorneys for Defendant Omni Insurance***<br>***Company*** |

on December 19, 2014.

                                  LEHNER & RODRIGUES, P.C.

                                  */s/ Jennifer L. Maks*
                                  Jennifer L. Maks, OSB No. 105601
                                  Of Attorneys for Defendant Oregon Mutual

Page 11 - **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/OPPOSITION TO TRANSFER**
LEHNER & RODRIGUES, P.C.
Attorneys at Law
1500 SW First Avenue, Suite 900
Portland, Oregon 97201
Telephone (503) 226-2225; Fax (503) 226-2418